**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Clinton Lee Spencer, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 98-0068 PHX-SRB |
| | ) | |
| Dora B. Schriro, et al., | ) | <u>DEATH PENALTY CASE</u> |
| | ) | |
| | ) | **ORDER** |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Dkt. 221.)  Previously, this Court denied Petitioner's amended petition requesting habeas relief.  (Dkt. 215.) Petitioner asks the Court to reconsider its resolution of Claim III.  The Court declines to reconsider its Order and denies Petitioner's Rule 59(e) motion.

**DISCUSSION**

A motion under Rule 59(e) is in essence a motion for reconsideration.  Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error.  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs.  *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is it the time to ask the court to

1    "rethink what it has already thought through." *United States v. Rezzonico*, 32 F.Supp.2d 1112,

2    1116 (D.Ariz. 1998).

3           In Claim III of his Amended Petition, Petitioner argued that the state trial court violated

4    his constitutional rights by failing to instruct the jury, *sua sponte*, on lesser-included homicide

5    offenses.  Petitioner also argued that trial counsel rendered ineffective assistance of counsel

6    in failing to seek a lesser-included offense instruction.  In his motion for reconsideration,

7    Petitioner has presented no new evidence or argued an intervening change in the law.  Instead,

8    he merely argues the Court erred in denying this claim and urges the Court to rethink its

9    decision.  For the reasons set forth below, the Court declines to do so.

10          The U.S. Supreme Court has held that a capital defendant is entitled to an instruction

11   on a lesser-included offense "if the evidence would permit a jury rationally to find him guilty

12   of the lesser offense and acquit him of the greater." *Beck v. Alabama*, 447 U.S. 625, 635

13   (1980) (quoting *Keeble v. U.S.*, 412 U.S. 205, 208 (1973)).  Such a lesser-included instruction

14   is required by due process only if warranted by the evidence. *Hopper v. Evans*, 456 U.S. 605,

15   611 (1982).

16          The Arizona Supreme Court rejected this claim on direct appeal, stating, in pertinent

17   part:

18                 Spencer claims that the trial court erred by failing to instruct the jury
     *sua sponte* on lesser included offenses of first degree murder.  He cites *Beck v.*
19   *Alabama* .....*Beck* requires that the jury be instructed on lesser included
     offenses only when there is some evidence of the commission of a lesser
20   offense.

21                 Spencer argues that the presence of a cut on his hand supports the
     inference that the victim attacked him with a knife and, therefore, the killing
22   took place during a sudden quarrel or in the heat of passion and only amounts
     to manslaughter or second-degree murder.  The inference that the victim was
23   the aggressor in this case is simply too speculative and far-fetched to
     countenance in light of the overwhelming evidence that she was under
24   Spencer's power for some hours prior to the killing and that the method in
     which the killing was accomplished was planned for months before.  In
25   addition, the "evidence" that the victim carried a knife in her car was not
     offered at trial but was contained in a pre-sentence report generated months
26   later.  There was simply no evidence presented at trial to support an instruction
     on lesser included offenses.

27

28                                                        2

*State v. Spencer*, 176 Ariz. 36, 41-42, 859 P.2d 146, 151-52 (1993).

This Court concluded that the Arizona Supreme Court's decision upholding the trial court's failure to instruct on lesser-included offenses was neither contrary to, or an unreasonable application of *Beck*. (Dkt. 215 at 40.) Petitioner asserts this conclusion was in error because of an improper reliance upon the "evidence of premeditation presented to Petitioner's jury." (Dkt. 221 at 3.)

Petitioner's arguments for reconsideration amount to nothing more than the belief the Court made the wrong decision based on the facts and law. However, the Arizona Supreme Court's determinations that ample evidence of premeditation was presented at trial and that Petitioner's theory of a sudden struggle was "too speculative and far-fetched to countenance" were reasonable determinations. Evidence presented at trial established that Petitioner was acting on a motive for pecuniary gain, that the victim was under his control for some time prior to the murder and that the method he used to kill her had been contemplated by him months before. No credible evidence supporting a sudden quarrel or heat of passion theory of killing was presented. Nothing in Petitioner's arguments causes the Court to alter its analysis. The Court declines to "rethink what it has already thought through." *Rezzonico*, 32 F.Supp.2d at 1116.

The Court reiterates its belief that the determination of the Arizona Supreme Court rejecting this claim was neither contrary to, or an unreasonable determination of the principles outlined in *Beck*. *See* 28 U.S.C. § 2254(d). Nor were the Arizona Supreme Court's conclusions based on an unreasonable determination of the facts in light of the evidence presented at trial. *Id.* Because the state trial court's failure to instruct on lesser-included offenses did not violate Petitioner's constitutional rights, Petitioner is not entitled to reconsideration of his claim that counsel was ineffective in failing to request a lesser-included instruction. *See Turner v. Calderon*, 281 F.3d 851, 895 (9th Cir. 2002) (Counsel not ineffective for failing to request factually unsupported jury instructions.)

Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 221) is **DENIED.**

DATED this 26th day of January, 2007.

_____
Susan R. Bolton
United States District Judge